CARROLL COUNTY v. ELISHA JONES ET AL.

1. SIXTEENTH SECTION. *Bill to quiet title.*  *Code* 1892, § 4147.

   A suit is maintainable by a county under § 4147, code 1892, if defendant claims a sixteenth section in fee-simple, although the land was not sold by the county officials, and defendant claims under a deed from the lessee.

2. PRACTICE. *Suit to make title certain.*  *Costs against county.*

   In such case, where, upon the answer of the defendant, it clearly appears that he asserts against the county no really adverse title, and the whole purpose of the proceeding is to make certain the title of the public, costs should be awarded against the county.

FROM the chancery court of Carroll county.

HON. T. B. GRAHAM, Chancellor.

Bill by Carroll county against Elisha Jones and others, under § 4147, code 1892, to cancel their claims to a part of a sixteenth section. The bill alleges that the land was by the school-trustees duly and legally leased in 1853 for a term of ninety-nine years; and that it is now held and claimed by the defendants in fee-simple under a bond for title and conveyance, both of which are of record.

Defendants demurred to the bill, on the ground that it showed no cloud on the reversionary interest, and because the deed under which defendants hold does not affect complainant's interest or enlarge the title of defendants. The demurrer was sustained, and the bill dismissed, and the county appeals.

*Southworth, Paxton & Stevens* and *A. G. Paxton,* for appellant.

In bringing this suit, the board of supervisors followed the plain mandate of § 4147, code 1892. It is true that the party in possession could not successfully claim a longer term than ninety-nine years, but his conveyance in fee and warranty constitute a cloud on the reversion. See 2 Am. &

Eng. Enc. L., 298.   The demurrer should have been over-ruled.

*Somerville & McClurg*, for appellees.

Section 4147, code 1892, only authorizes necessary suits. It does not subvert the rules of equity pleading and jurisprudence.   Complainant's title is clear, the date of the expiration of the leases fixed, the reversion is certain, and all this is of record.   A subsequent conveyance, purporting to be of the fee, cannot cast a cloud or create any doubt as to complainant's title.

COOPER, J., delivered the opinion of the court.

Though it may be difficult to perceive what useful purpose is subserved by that provision in § 4147, code 1892, by which suit is directed to be brought against one claiming the school-lands in fee-simple, in those cases in which the public records disclose that the lands were leased, and not sold, as appears to have been the case with reference to the land involved in this suit, it is yet true that the averments of the bill in this case bring it within the precise terms of the law. The defendants, according to the averments of the bill, claim the lands in fee-simple; and, though it is affirmatively shown that this claim is not founded upon any conveyance from the county authorities, but by one from the lessee of the term, it is nevertheless clear that this is a claim within the letter and spirit of the law.   The number of cases of this class which are appearing in this court, under the operation of the code chapter, warrants the suggestion to the lower courts that when, upon the answer of the defendant, it clearly appears that no really adverse title is asserted against the county, and that the whole purpose and effect of the proceeding is to make certain the title of the public, costs should be awarded against the county.   This will serve to restrain the public authorities from unnecessary resort to the courts.

*The decree is reversed.*